Matter of Country-Wide Ins. Co. v Impert (2019 NY Slip Op 05774)





Matter of Country-Wide Ins. Co. v Impert


2019 NY Slip Op 05774


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-01719
 (Index No. 607747/16)

[*1]In the Matter of Country-Wide Insurance Company, petitioner-respondent, 
v
Jean Impert, et al., respondents; Nathan Impert, et al., proposed additional respondents-respondents; Upnorth Limited, proposed additional respondent; Torus National Insurance Company, proposed additional respondent-appellant.


Litchfield Cavo, LLP, New York, NY (Edward M. Fogarty, Jr., of counsel), for proposed additional respondent-appellant.
Jaffe & Koumourdas, LLP (Thomas Torto, New York, NY, of counsel), for petitioner-respondent.
Gail S. Lauzon (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for proposed additional respondents-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of claims for uninsured motorist benefits, Torus National Insurance Company appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered December 18, 2017. The order, after submissions in lieu of a framed-issue hearing, determined that the policy of Torus National Insurance Company was the primary insurance policy for coverage.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner-respondent and the proposed additional respondents-respondents, appearing separately and filing separate briefs.
Under the circumstances presented, we agree with the Supreme Court's determination that the policy of Torus National Insurance Company was the primary insurance policy for coverage (cf. Matter of State Farm Mut. Auto. Ins. Co. v Thomas, 75 AD3d 644).
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court